UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

DOLWIN CORMIA,                    )
                                  )
            Plaintiff,            )
                                  )
v.                                )        No.    3:23-CV-291-TAV-JEM
                                  )
SGT. CRABTREE and SGT. MOORE,     )
                                  )
            Defendants.           )

## MEMORANDUM OPINION AND ORDER

This prisoner's pro se complaint for violation of § 1983 is proceeding as to two excessive force claims [Doc. 12, pp. 27–28, 42–43]. Now before the Court are Plaintiff's (1) motion for extension of time for him to file completed service packets, in which he also requests that the Clerk resend documents to him [Doc. 13], (2) motion for the Court to alter or amend its screening order [Doc. 14], (3) signed copies of two motions regarding service and fees that he had previously filed unsigned [Docs. 15, 16, 8, 9], (4) motion and declaration seeking default judgment [Doc. 23], and (5) motion to appoint counsel [Doc. 24]. The Court will address these motions in turn based on their substance.

## I.       MOTION FOR EXTENSION

For good cause shown therein, Plaintiff's motion for extension of time to file completed service packets and for the Clerk to resend documents [Doc. 13] is **GRANTED** only to the extent that the Court (1) considers Plaintiff's completed service packets [Doc. 17] timely filed and (2) notes that the Clerk already resent Plaintiff the requested documents.

## II. MOTION FOR RECONSIDERATION

As set forth above, Plaintiff has filed a motion asking the Court to alter or amend its screening order [Doc. 14]. While Plaintiff filed this motion under Rule 59 of the Federal Rules of Civil Procedure [*id.* at 1], district courts may "reconsider interlocutory orders and to reopen any part of a case before entry of final judgment" under Rule 54(b). *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Rule 54(b) states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 F. App'x at 959 (citation omitted). However, "such motions are not a means by which to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Equal Emp. Opportunity Comm'n v. HP Pelzer Auto. Sys., Inc.*, No. 1:17-CV-31, 2018 WL 6574772, at *2 (E.D. Tenn. Dec. 13, 2018) (internal quotation marks and citation omitted).

Plaintiff's motion for reconsideration does not allege a change in law, new evidence, or a need to correct any error or prevent injustice. Instead, in his motion for reconsideration, which is difficult to follow, Plaintiff appears to assert in relevant part

2

that (1) he has a right to file grievances; (2) he can file claims against Defendants in their official capacities under the Tennessee Governmental Tort Liability Act; (3) former Defendants Parris and Strada can be liable for negligence because of their responsibility for inmates' welfare; (4) video footage shows that two officers took him to the hospital, handcuffed him, and used excessive force against him; (5) the court improperly stayed and/or dismissed unspecified excessive force claims; and (6) he has a right to amend his complaint [*Id.* at 2–5]. But these substantive arguments are not grounds for the Court to alter or amend its screening order under Rule 54(b). Instead, they are improper attempts to relitigate issues the Court has already determined. *Id.*

Also, to the extent that Plaintiff seeks to amend his complaint in this filing, this request does not comply with this Court's Local Rule, which requires a party seeking to amend a pleading to file a complete proposed amended pleading that does not incorporate any prior pleading and provides that failure to do so is grounds to deny the motion. E.D. Tenn. L.R. 15.1 (providing in relevant part that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion.").

Accordingly, Plaintiff's motion for the Court to alter or amend its screening order [Doc. 14] is **DENIED**.

## III.    MOTIONS REGARDING SERVICE AND FEES

As set forth above, Plaintiff has filed two motions regarding deadlines [Docs. 8, 9].  It appears from the Court's reading of these motions that Plaintiff requests that the Court (1) issue summonses [Doc. 8, pp. 1–2] and (2) allow him to proceed *in forma pauperis* [Doc. 9, pp. 1–3].  However, as the United States Marshal has already issued and attempted to serve summonses for Defendants [Docs. 18, 19, 20], and the Court already granted Plaintiff leave to proceed *in forma pauperis* [Doc. 12, p. 42], these motions [Docs. 8, 9] are **DENIED as moot**.

## IV.    SERVICE ISSUES

After the United States Marshals Service returned the summons issued for Defendant Crabtree as unexecuted [Doc. 19] and the summons issued for Defendant Moore as executed [Doc. 20][1], counsel from the Attorney General for the State of Tennessee's office filed a notice of appearance on behalf of only Defendant Moore [Doc. 21].  Plaintiff also filed a motion and declaration seeking for default judgment against both Defendants [Doc. 23].

The Court will address Plaintiff's motion and declaration for default judgment before addressing service of process on Defendant Crabtree.

---

[1] While the Court's docket lists Defendant Moore's summons as unexecuted [Doc. 20], this filing specifically indicates that the United States Marshal personally served this Defendant [*Id.* at 4].  Accordingly, the Clerk is **DIRECTED** to update the docket entry for Defendant Moore's summons [*Id.*] to list the summons as executed.

4

## A.    Default

In his motion and declaration seeking default judgment, Plaintiff requests entry of default judgment against Defendants due to their failure to timely answer his complaint after service of process [Doc. 23].

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise," the Clerk must enter a default.  Fed. R. Civ. P. 55(a).  And it is only after the Clerk enters a default that the plaintiff may move the Court for entry of default judgment under Rule 55(b).  Fed. R. Civ. P. 55(b).

Plaintiff did not comply with this two-step process by seeking the Clerk's entry of default prior to seeking default judgment.  Thus, his request that the Court enter default judgment against Defendants is improper.  *See, e.g., Devlin v. Kalm*, 493 F. App'x 678, 685 (6th Cir. 2012) (providing that "it was procedurally improper for Plaintiff to move for entry of default judgment without first obtaining an entry of default from the clerk").

Accordingly, Plaintiff's motion and declaration seeking default judgment [Doc. 23] is **DENIED**.

## B.    Defendant Crabtree

As set forth above, the United States Marshals Service returned the summons issued for Defendant Crabree as unexecuted [Doc. 19, p. 4].  Plaintiffs generally have the burden of effectuating service of process on defendants.  Fed. R. Civ. P. 4(c)(1).  But

5

with regard to service of process by litigants proceeding *in forma pauperis*, the Sixth

Circuit has stated as follows:

> Together, Rule 4(c)[3] and 28 U.S.C. § 1915[d] stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

*Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

The record establishes that Plaintiff has taken reasonable steps to identify Defendant Crabtree [Doc. 7]. Accordingly, the Clerk is **DIRECTED** to send a copy of this memorandum opinion and order and the complaint [*Id.*] to the Attorney General for the State of Tennessee, who is **ORDERED** to provide the Court with any information to which he has access that may help the United States Marshals Service effectuate service on Defendant Crabtree. The Attorney General should file this information under seal with the Court within fifteen (15) days after entry of this memorandum opinion and order. Upon receipt of this information from the Attorney General, the Clerk is **DIRECTED** to sign and seal a summons for Defendant Crabtree and to forward that summons to the United States Marshals Service for service of process. Fed. R. Civ. P. 4.

However, if Defendant Crabtree files a waiver of service or an answer to the complaint prior to the Attorney General filing the information requested above, that will obviate the Court's need for this information from the Attorney General, and the Attorney General therefore will be relieved from complying with this order without further action from the Court.

6

Also, Plaintiff is **NOTIFIED** that, if the United States Marshals Service returns a new summons the Clerk issues for Defendant Crabtree based on the information the Attorney General provides as unexecuted and Plaintiff does not provide additional information regarding service on that Defendant within fourteen (14) days of the return of the unexecuted summons, the Court will dismiss that Defendant pursuant to Rules 4(m) and/or 41(b) of the Federal Rules of Civil Procedure without further notice.

## V.    MOTION TO APPOINT COUNSEL

In support of his request for appointment of counsel, specifically Attorney Neil Pinkston, Plaintiff states that (1) "[he] is unable to afford counsel [and] has requeste[d] leave to proceed *in forma pauperis*"; (2) "[his] imprisonment will greatly limit his ability to litigate"; (3) "[t]he issues in this case are complex[] and will require significant research and investigation"; (4) "[he] has limited access to the law library and limited knowledge of the law"; (5) "[he] is confined to a cell for twenty-three (23) hours a day in administrative segregation"; (6) "it takes seven to fourteen days to receive requested [legal] materials," but Plaintiff still does not receive "the correct requested materials"; (7) "[a] trial in this case will likely involve conflicting testimony, and counsel would better enable Plaintiff to present evidence and cross examine witnesses"; and (8) "Plaintiff has made repeated efforts to obtain a lawyer through United States mail correspondence" but has not received a response [Doc. 24, pp. 1–2].

Appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601,

7

605–06 (6th Cir. 1993). A district court has discretion to determine whether to appoint counsel for an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In exercising that discretion, the district court should consider the nature of the case, whether the issues are legally or factually complex, and the plaintiff's ability to present his claims. *Lavado*, 992 F.2d at 605–06.

As to the first two factors, as set forth above, this action is proceeding only as two claims for excessive force, both of which are standard prisoner § 1983 claims that are not factually or legally complex. As to the third factor, it is apparent from his filings that Plaintiff is able to present his claims. Also, Plaintiff's allegations regarding his incarceration, self-representation, and lack of an attorney are typical of prisoner plaintiffs. Moreover, Plaintiff's general allegations regarding his difficulty obtaining specific legal materials do not allow the Court to plausibly infer that this has caused him any extraordinary problems in this proceeding.

Thus, Plaintiff has not established that this is an exceptional case where he is entitled to appointment of counsel, and his motion to appoint counsel [*Id.*] is **DENIED**.

## VI. CONCLUSION

For the reasons set forth above:

1.  Plaintiff's motion for extension of time to file completed service packets and for the Clerk to resend documents [Doc. 13] is **GRANTED** only to the extent that the Court (1) considers Plaintiff's completed service packets [Doc. 17] timely filed and (2) notes that the Clerk already resent Plaintiff the requested documents;

2.  Plaintiff's motion for the Court to alter or amend its screening order [Doc. 14] is **DENIED**;

8

3.      Plaintiff's motions regarding service and fees [Docs. 8, 9] are **DENIED as moot**;

4.      The Clerk is **DIRECTED** to mark the summons returned for Defendant Moore [Doc. 20] as executed;

5.      Plaintiff's motion and declaration seeking default judgment [Doc. 23] is **DENIED**;

6.      The Clerk is **DIRECTED** to send a copy of this memorandum and order and the complaint [Doc. 7] to the Attorney General for the State of Tennessee, who is **ORDERED** to provide the Court with any information to which he has access that may help the United States Marshals Service effectuate service on Defendant Crabtree.  The Attorney General should file this information under seal with the Court within fifteen (15) days after entry of this memorandum and order.  Upon receipt of this information from the Attorney General, the Clerk is **DIRECTED** to sign and seal a summons for Defendant Crabtree and to forward that summons to the United States Marshals Service for service of process.  Fed. R. Civ. P. 4;

7.      Plaintiff's motion to appoint counsel [Doc. 24] is **DENIED**; and

8.      Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing.  Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  E.D. Tenn. L.R. 83.13.  Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

9